IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WALTER WHITEHEAD,

     Plaintiff,                      No. CIV S-06-1621 LKK DAD P

  vs.

MARTIN VEAL, et al.,

     Defendants.              ORDER

_____/

        Plaintiff, a state prisoner proceeding pro se with a civil rights action, has requested appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

        The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328,

1331 (9th Cir. 1986); <u>Weygandt v. Look</u>, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel.  In the present case, the court does not find the required exceptional circumstances.

In addition, plaintiff has requested an extension of time to file a second amended complaint.  The request will be granted.

Accordingly, IT IS HEREBY ORDERED:

1.  Plaintiff's April 12, 2007 request for appointment of counsel is denied;

2.  Plaintiff's April 12, 2007 request for an extension of time is granted; and

3.  Plaintiff shall file his second amended complaint on or before May 30, 2007.

DATED: April 23, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:mp/4
whit1621.31+36