O

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WALTER WHITEHEAD, | ) | No. 2:06-CV-01621 ODW |
|     Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| MARTIN VEAL, WARDEN, TERESA SCHWARTS; and MIKE SOARES, | ) | |
|     Defendants | ) | |

    The matter is before the Court on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Docket No. 4] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docket Nos. 28, 28-1) The motion is made on the grounds that plaintiff had no property interest in funds which were removed from his account and therefore can state no claim for deprivation of property without due process of law. Defendants also plead qualified immunity. There is no opposition to the motion to dismiss filed by plaintiff, which the court may consider acquiescence to grant the motion. The Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having carefully considered the papers submitted, the motion is **GRANTED**.

In his amended complaint, Plaintiff alleges that the trust account manager at the California Medical Facility under the California Department of Corrections and Rehabilitation withdrew $38,392.33 from his trust account in violation of the 4th and 14th Amendments of the U.S. Constitution.

In the Statement of Claim appended to the form complaint, plaintiff avers that the account manager was apparently following directions from a Mr. Hoffschneider of the Veterans Administration Regional Office in Oakland. Specifically, the account manager was informed by the V.A. that plaintiff was not entitled to the funds because of his incarceration. Apparently, he (plaintiff) was only entitled to receive 10% of the funds deposited into his trust account.

Title 38 U.S.C. §5313 provides in part:

> **(a)(1)** To the extent provided in subsection (d) of this section, any person who is entitled to compensation or to dependency and indemnity compensation and who is incarcerated in a Federal, State, local, or other penal institution or correctional facility for a period in excess of sixty days for conviction of a felony shall not be paid such compensation or dependency and indemnity compensation, for the period beginning on the sixty-first day of such incarceration and ending on the day such incarceration ends, . . .

In neither the amended complaint nor in any subsequent filings has plaintiff alleged entitlement to **any** funds from the Veterans Administration. On the contrary, plaintiff makes reference to the justification given for the **retrieval** of the funds from his account, i.e. his incarceration. As defendants point out, 38 U.S.C. 5313 sets forth limitations on the receipt of veteran's benefits by those persons incarcerated in a federal, state or local penal institution. Plaintiff takes no issue with the fact that he falls within this limitation. Indeed, he cannot credibly do so, for he is most certainly incarcerated and pursuant to the clear terms of the statute would be entitled to only

a fraction of his benefits during the period of incarceration. (See 38 U.S.C. 1151.) This assumes, only for the sake of argument, that plaintiff is indeed entitled to veteran's benefits at all.

### DEPRIVATION OF PROPERTY WITHOUT DUE PROCESS OF LAW

Plaintiff contends that he has been deprived of property without due process of law. As noted above, plaintiff has failed to allege a legitimate entitlement to the funds. That being said, he cannot or has not established a constitutionally protected property interest. The Due Process Clause protects only against deprivation of existing interests in life, liberty or property. See, e.g. *Stanley v. Gonzales* 476 F.3d 653, 660 (9th Cir. 2007). Consequently, this argument fails, as does each of plaintiff's claims that rest upon a constitutional violation.

### DEFENDANTS ARE ENTITLED TO THE DEFENSE OF QUALIFIED IMMUNITY

Defendants argue that Warden Schwartz-Reagle, Associate Warden Veal and Trust Account Manager "Marsha" are entitled to qualified immunity. Putting aside for the moment the fact only Marsha had direct involvement in the subject transaction, the question as to her is whether a reasonable person in her position would have known that her conduct violated clearly established constitutional rights. *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982).

In *Saucier v. Katz,* 533 U.S. 194 the court established a two-step sequence for resolving government officials' qualified immunity claims. A court must decide (1) whether the facts alleged or shown by the plaintiff make out a violation of a constitutional right, and (2) if so, whether the right was "clearly established" at the time of the defendants' alleged misconduct, *id*., at 201. In *Pearson v. Callahan,* 555 U.S. 223 the Supreme Court, upon reconsideration of the *Saucier* procedure, held that "while the sequence set forth therein is often appropriate, it should no longer be regarded as mandatory in all cases". 129 S.Ct. 808, 811.

The court concludes that defendants are entitled to qualified immunity because

4.

at the time of these events , it was not clearly established that their conduct was unconstitutional. An employee of the California State Department of Corrections and Rehabilitation receives a communication from an agency of the federal government indicating that it had erroneously deposited public funds into an inmates trust account, and asked for the return of those funds. Because, as we have previously found, the inmate was not entitled to those funds in the first place, the return of those funds to where they legally belonged would not be seen as depriving the inmate of a legally protected property interest. On the first prong alone, it is evident that defendants are entitled to qualified immunity. There has been no violation of a constitutional right of the plaintiff. That ends the inquiry.

**CONCLUSION**

For the reasons stated, defendants' motion to dismiss is granted. In the event plaintiff is able to amend his complaint to cure the deficiencies noted herein, 30 days leave to amend is granted. If a Second Amended Complaint is not filed within 30 days of the date of this decision, a dismissal with prejudice will be entered.

DATED: March 28, 2011

_____
OTIS D. WRIGHT, II, DISTRICT JUDGE